**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

REGINA SLAUGHTER, on behalf of     :
deceased, ROLANDA SLAUGHTER,     :

                                 :

    Plaintiff,                   :

                                 :

v.                             :     CASE NO.: 1:22-CV-218 (LAG)

                               :

WORTH COUNTY BOARD OF        :
COMMISSION, *et al.*,           :

                               :

    Defendants.               :

_____ :

## ORDER

Before the Court is Plaintiff's Motion to Reopen Case and for Reconsideration of Order of Dismissal (Doc. 24), in which Plaintiff asks the Court to reconsider the March 31, 2025, Order (Doc. 22) granting Defendants' Motion to Dismiss for failure to state a claim. For the reasons discussed below, Plaintiff's Motion for Reconsideration is **DENIED**.

## BACKGROUND

Plaintiff Regina Slaughter (Plaintiff) brought an employment discrimination action for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, against all Defendants and a claim under the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1166(a), against Defendants Worth County and Kim Stripling. (Doc. 14 at 9). Rolanda Slaughter (Slaughter), Plaintiff's daughter, worked in the Worth County Clerk's office until her termination on January 13, 2021. (Doc. 14 at 7). Slaughter suffered from sarcoidosis of the lung. (*Id.*). Plaintiff, the administrator of Slaughter's estate, alleges that Slaughter, who passed away on June 3, 2021, was terminated on the basis of her disability. (*Id.* at 8–9).

For the majority of Slaughter's employment with the Worth County Clerk's office, Slaughter's supervisor was Brenda Hicks, the former Worth County Clerk of Court. (*Id.* at

7; Doc. 14-4 at 2). On May 5, 2020, Hicks approved Slaughter's request to "telework full-time due to the critical nature of her respiratory disability and inability to be exposed to the people/public during COVID[.]" (Doc. 14 at 7). Slaughter took FMLA leave when she was hospitalized from December 22, 2020 through January 5, 2021. (*Id.*).

Defendant Marcia Kimbro-Inman became the new Clerk of Court in December of 2020 and required that all of the clerk's office employees re-apply for their jobs. (*Id.*). The applications were due on December 31, 2020. (*Id.*). No one informed Rolanda Slaughter that she would need to reapply for her job until after the due date, and she was not provided an opportunity to re-apply after being discharged from the hospital. (*Id.*). Other employees were allowed to re-apply for their jobs past the deadline. (*Id.*) For example, Rolanda Slaughter's co-worker, Anissa Shipp, missed the deadline and was allowed to submit her application on January 2, 2021. (*Id.*). On January 13, 2021, Plaintiff went to the Human Resources office to inquire about Slaughter's job. (*Id.*). Defendant Kim Stripling, the Human Resources Director for Defendant Worth County, told Plaintiff that Slaughter was terminated for failure to re-apply for her position and for "expiration of FMLA[,]" and gave Plaintiff a notice of separation for Slaughter. (*Id.*). At no point did Defendant Stripling advise Plaintiff or Slaughter of Slaughter's right to retain her health insurance under COBRA. (*Id.* at 8). After receiving the notice of separation, Plaintiff visited the clerk's office to "obtain [Slaughter's] personal belongings from her desk[]" and asked Defendant Kimbro-Inman why Slaughter was terminated. (*Id.* at 7). Kimbro-Inman told Plaintiff that she "[w]ant[ed] someone physically in the office[.]" (*Id.*).

On April 1, 2021, Rolanda Slaughter filed a complaint of discrimination with the EEOC. (*Id.* at 8–9). She passed away in June 2021. (*Id.* at 8). The EEOC issued the Notice of Right to Sue letter on July 5, 2022. (*Id.*). Plaintiff, on behalf of her deceased daughter, Rolanda Slaughter, filed this action against Defendants Worth County Board of Commission, Marcia Kimbro-Inman, Clerk of Worth County Superior Court, and Kim Stripling on December 30, 2022. (Doc. 1 at 2–3). Plaintiff filed a second, signed Complaint on January 3, 2023 (Doc. 2) and a separate "Statement Supporting Case and Reason for Delayed Filing" on January 4, 2023 (Doc. 3).

Defendants filed a Motion to Dismiss, which the Court granted on March 22, 2024. (Docs. 5, 13). The Court explained that Plaintiff had failed to allege that she was suing as the administrator of her daughter's estate, "failed to '[w]rite a short and plain statement of the claim'" as the pro se form for employment discrimination instructs, and "failed to state what damages or other relief she seeks." (*Id.* at 3, 5 (alteration in original)). The Court gave Plaintiff leave to submit a second Amended Complaint, and she timely file the Second Amended Complaint on April 22, 2024, alleging employment discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 and the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., against all Defendants and a claim under the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1166(a), against Defendants Worth County and Stripling. (Doc. 14 at 9). Defendants filed a Motion to Dismiss the Second Amended Complaint, which the Court granted on March 31, 2025. (Doc. 22). The Court explained that Plaintiff failed to state a claim under the ADA and Rehabilitation Act against Defendants Worth County or Stripling because Slaughter was an employee of the elected Clerk of Court, Defendant Kimbro-Inman. *Slaughter v. Worth Cnty. Bd. Of Comm'n*, 1-22-CV-218 (LAG), (Doc. 22) (M.D. Ga. Mar. 31, 2025) (concluding that Plaintiff failed to state a claim against Defendants Worth County or Stripling). The Court further explained that Plaintiff failed to state a COBRA claim against Defendant Worth County or Stripling because there were no allegations in the Complaint that either were named as the plan administrators or failed to notify the plan administrator of Slaughter's termination. *Id.* In concluding that Plaintiff failed to state a claim against Defendant Kimbro-Inman, the Court explained that Defendant Kimbro-Inman. who acted as an arm of the state when making hiring and firing decisions, was entitled to Eleventh Amendment immunity. *Id.* Lastly, the Court explained that Plaintiff failed to state a claim against Defendant Worth County Board of Commissioners because, under Georgia law, the Board was not an entity capable of being sued. *Id.*

Plaintiff filed a Motion for Reconsideration on December 9, 2025. (Doc. 24). Defendants did not respond to the Motion. (*See* Docket). Thus, the Motion for Reconsideration is ripe for review. M.D. Ga. L.R. 7.2.

3

## LEGAL STANDARD

Motions for reconsideration can be brought under Rule 59 or 60 of the Federal Rules of Civil Procedure. "The only grounds for granting [a Rule 59] motion [for reconsideration] are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (first alteration in original) (citation omitted); *see* Fed. R. Civ. P. 59. "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (per curiam) (citing *Arthur*, 500 F.3d at 1343). As to Rule 60,

> the district court may relieve a party of a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged, that is based on an earlier judgment that has been reversed or vacated, or that it would no longer be equitable to apply prospectively; or (6) any other reason that justifies relief.

*Jones v. Thomas*, 605 F. App'x 813, 815 n.1 (11th Cir. 2015) (per curiam) (citing Fed. R. Civ. P. 60(b)). "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (citation modified) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

Furthermore, pursuant to the Local Rules of the Middle District of Georgia, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. A motion for reconsideration is appropriate if the moving party can show:

> (1) [T]here has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time of the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or to prevent manifest injustice.

4

*Bryant v. Carter*, No. 5:09-CV-281 (HL), 2010 WL 2640600, at *1 (M.D. Ga. June 29, 2010) (quoting *Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009)); *see also Cormier v. Green*, 141 F. App'x 808, 815–16 (11th Cir. 2005) (per curiam) ("Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." (citation omitted)). A motion for reconsideration "does not provide an opportunity to simply reargue the issue the [c]ourt has once determined." *Bryant*, 2010 WL 2640600, at *1; *see also King v. Farris*, 357 F. App'x 223, 225 (11th Cir. 2009) (determining that district court did not abuse its discretion in denying a motion for reconsideration that "merely restated [the movant's] previously submitted arguments").

## DISCUSSION

To the extent that Plaintiff moves for reconsideration under Rule 59(e), such motions must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Plaintiff did not file the December 9, 2025 Motion for Reconsideration within the 28 days required by Rule 59(e), so the Motion fails. To the extent that Plaintiff moves for reconsideration under Rule 60(b), the Motion fails as Plaintiff does not allege that there is any newly discovered evidence or argue that there was any manifest error of fact or law; nor does the Motion assert any of the conditions or extraordinary circumstances necessary for Rule 60 reconsideration.

Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 23rd day of April, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

5